IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.	NO. 3:19-CR-47

FRANK SMITH

### ORDER

On May 24, 2021, the parties submitted for the Court's consideration a proposed plea agreement between Frank Smith and the government, for which a change of plea hearing must now be set.

The World Health Organization, along with the Centers for Disease Control and Prevention, declared a global pandemic related to the spread of the COVID-19 virus, commonly known as the "coronavirus."[1] For that reason, the Mississippi Department of Health has recommended that the public avoid large gatherings and limit face to face contact when possible.[2] In response, on March 13, 2020, the Chief Judge of the United States District Court for the Northern District of Mississippi entered a Standing Order[3] providing, in pertinent part, that "[v]ideo or telephonic conferencing technology, should be used for any and all court proceedings if at all possible." Further, various states and municipalities across the country, including Mississippi, have restricted gatherings of large numbers of people.

On March 27, 2020, Congress authorized, and the President of the United States signed,

---

[1] *See Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 n.10 (E.D. Cal. 2019) (taking judicial notice of World Health Organization's List of Essential Medicines); *Webb v. Jessamine Cty. Fiscal Ct.*, 802 F. Supp. 2d 870, 878 n.3 (E.D. Ky. 2011) (taking judicial notice of data collected by World Health Organization).

[2] *See* https://msdh.ms.gov/msdhsite/_static/14,21866,420.html; *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of factual information on state website).

[3] *See* No. 3:20-MC-9, at Doc. #1.

the "CARES Act" in response to the COVID-19 pandemic. Two days later, the Judicial Conference of the United States found that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) materially affect the functioning of the courts of the United States."[4] On April 2, 2020, the Chief Judge of this District entered another Standing Order[5] specifically finding that felony pleas and sentencings cannot be conducted in person anywhere in the District without seriously jeopardizing public health and safety, and on September 29, 2020, extended that Order.[6] Judge Aycock extended the order again on December 28, 2020,[7] and again March 30, 2021.[8]

In the CARES Act, Congress authorized federal courts to utilize video and telephone conferencing in connection with certain criminal proceedings, including felony pleas and sentencings, so long as the defendant consents to participate in the proceedings by video or telephone conference and the court makes certain findings. Specifically, Congress authorized the use of video teleconferencing for felony pleas and sentencings if the court finds that the proceedings "cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice[.]"

Having considered the declarations of the World Health Organization and the Centers for Disease Control, along with the recommendations of the Mississippi Department of Health—

---

[4] *See* Director's Memo from James C. Duff to All United States Judges, March 29, 2020.

[5] *See* No. 3:20-MC-9, at Doc. #3.

[6] *See* No. 3:20-MC-9, at Docs. #7 and #8.

[7] *See* No. 3:20-MC-9, at Doc. #10.

[8] *See* No. 3:21-MC-3, at Doc. #4.

which, taken as a whole, illustrate the public health and safety concerns raised by the COVID-19 pandemic—this Court concludes that the change of plea hearing in this case cannot be conducted in person without seriously jeopardizing the public health and safety of the parties, counsel, and court personnel. Also considering that delaying such hearing would in turn delay the resolution of this matter, and that the parties deserve to have the Court promptly consider the terms of the proposed plea agreement, this Court further concludes that the hearing cannot be delayed without serious harm to the interests of justice. Accordingly, if Smith consents in writing to video conferencing and/or telephonic conferencing, the hearing will proceed by such means.

**SO ORDERED**, this 24th day of May, 2021.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**